**"400" PRODUCTS CO. et al. v. CERTAIN–THYSON MILK CO.**

(District Court, S. D. Florida.   November 3, 1923.)

No. 292.

Patents ⬤⟶328—**Preliminary injunction granted against infringement of 1,096,605, for composition of chocolate and milk.**

Preliminary injunction granted against infringement of De Guzman patent, No. 1,096,605, for a liquid composition of chocolate and milk.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the "400" Products Company and Walter A. West against the Certain-Thyson Milk Company. On motion for preliminary injunction. Granted.

George M. Powell, of Jacksonville, Fla., for complainants.
John E. Mathews, of Jacksonville, Fla., for defendant.

CALL, District Judge. On October 23, 1923, "400" Products Company and Walter A. West filed their bill of complaint against Certain-Thyson Milk Company, alleging substantially as follows: That patent No. 1,096,605 was, on May 12, 1914, issued from the Patent Office to P. C. Dickman & Bros., Inc., as assignees of Guillermo P. De Guzman, giving the exclusive right to make, use, and vend the invention in the specifications filed in the Patent Office. By mesne conveyances the title to this patent was vested in said West, and "400" Products Company is the licensee from said West.

The patent was "composition of matter," and among the descriptions set forth in the specifications is the following:

"My invention relates to a new composition of matter in the nature of a liquid chocolate composition suitable for use as an article of food." "In particular, my object is to provide a chocolate preparation in the form of a liquid, which can be bottled (or canned) and kept for an indefinite period without change in its physical or chemical characteristics." "While the ingredients above mentioned [pulverized chocolate and milk] form the basis of my composition, I intend to add other substantives to modify its flavor,"

—then giving the proportions preferred, and further specifying the method to be used in making such mixture and for sterilization and bottling same.

The claims are as follows:

1. "A liquid composition comprising a homogenized emulsion of chocolate and milk." '

2. "A liquid composition comprising milk having its constituents homogenized, and chocolate formed into a homogenized emulsion with said milk."

3. "A liquid composition, a homogenized emulsion of chocolate, cocoa, and milk."

4. "A liquid composition comprising a homogenized emulsion of chocolate, cocoa, and milk, together with vanilla and sugar in substantially the proportions stated."

The bill further alleges that defendant is infringing said patent without license, by manufacturing, selling, etc., a compound such as described in the patent, and prays for an accounting and restraining orders, both temporary and permanent. This hearing comes on, on the motion of complainants for a temporary restraining order. At the hearing affidavits were filed by the complainants in support of the allegations of the bill, and the defendant filed one affidavit for the defendant. While the defendant relies for defense upon the fact that the compound is not patentable, he has filed no answer setting up such defense.

In the defendant's affidavit no denial of the allegations of the bill is made, but it is affirmatively stated that it is operating with a machine patented in 1904, in which certain claims are made, which show that the claims of the patent in the suit were not new or patentable. To sustain this position certain cases are cited and relied upon, sustaining the patent issued in 1904, for the machine used. It is contended that, if a

doubt exists as to the validity of the patent in suit, such doubt should be resolved in favor of the defendant, and the temporary injunction be denied. And this seems to be the law. But do the cases relied upon cast such a doubt upon the validity of the patent of 1914, which was a patent for a "composition of matter," while the cases were in regard to the patent of a machine. The patent in suit does not purport to touch the subject of the kind of machine to be used to accomplish the object aimed at in the 1914 patent. I have not the 1904 patent before me, and am only informed of what it embraces by the decided cases referred to, and these to my mind do not show that the composition patented in the patent suit comprises any combination of matter in public use generally prior to the issuance.

The temporary restraining order will therefore issue as prayed, upon the complainants, or some one in their behalf, entering into a bond in the penal sum of $5,000, with sufficient surety, to be approved by the clerk of this court, payable to the defendant, and conditioned to pay it all damages or loss it may suffer in the event this order is vacated, or the bill of complaint dismissed.